IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA RAYE POHL,

                Plaintiff,

   v.                                                OPINION & ORDER

CAROLYN W. COLVIN,                              15-cv-425-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Melissa Raye Pohl, proceeding pro se, seeks judicial review of a final decision of the commissioner of Social Security concerning her application for disability insurance benefits. The government has filed a motion for summary judgment,[1] seeking dismissal because Pohl filed her civil action in this court beyond the deadline for doing so. Because the record shows that Pohl did not meet the statute of limitations for filing her complaint, and because she fails to show that equitable tolling should apply, I will grant the government's motion and dismiss this case.

## FACTS

The following facts come from this court's electronic docket and the materials filed by the parties in the course of briefing the government's summary judgment motion.

Plaintiff Melissa Raye Pohl, a New Richmond, Wisconsin, resident, filed a claim for Social Security disability benefits in November 2012, concerning a skull injury, nerve

---

[1] The government titles its motion as a "Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment." Dkt. 11. Because both sides submitted evidence in the course of briefing this motion, I will consider the motion as one for summary judgment.

problem in her left arm, cervical disc disease, myofascial pain, and mental health problems. On January 7, 2015, an administrative law judge issued a decision concluding that Pohl was not disabled within the meaning of the Social Security regulations. Pohl appealed to the Appeals Council, which denied the appeal on April 21, 2015. Pohl's complaint seeking review of the Social Security Administration's decision was received by this court on July 8, 2015.

## ANALYSIS

Under the Social Security statutes and regulations, Pohl had 60 days from the date she received the Appeals Council's decision in which to file her civil complaint in this court. 42 U.S.C. § 405(g) (claimant has 60 days "after the mailing to him" to file civil action); 20 C.F.R. §§ 404.981 and 422.210(c) (both stating that the 60-day period runs from the time the claimant receives the decision). The date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c); *see also Frappier v. Astrue*, No. 09-cv-445-bbc, 2010 WL 1836792, at *1 (W.D. Wis. May 6, 2010) (dismissing Social Security complaint that was filed 15 days late). If that five-day presumption applies, Pohl had until June 25, 2015, to submit her complaint. Instead, the complaint was received by the court 13 days later, on July 8, 2015. The government asks the court to dismiss the case because Pohl did not file her complaint within the 60-day deadline (or 65-day deadline given the five-day period for presumption of receipt).

Pohl seems to concede that her complaint was late, just not 13 days late.[2] She does not give a detailed timeline of what happened, but she says, "I fear that we are truly looking

---

[2] Pohl filed a response to the government's motion, Dkt. 18, as well as a supplement to that

2

at a matter of 5 days or less." Dkt. 18, at 2. She contends that part of the reason her complaint was not as late as the government asserts is because she did not receive the Appeals Council decision within the five-day presumption for receipt discussed above. She states that she checks her mail only on Sundays and "one other day of the week," Dkt. 18, at 1, (which day, she does not say), and that the decision was not in her mailbox on the Sunday following the decision (April 26, 2015). But Pohl says that she received the decision "on a business day," *id*., by which I take to mean some day later that week.

In her supplement, Pohl states that she spoke to her "local United States Post Master," who stated that the only way to truly guarantee delivery with five days would be to mail something by Priority Express Mail, and that otherwise delivery could take "weeks, especially if there are any kinks along the way, which is not uncommon for something mailed several states away." Dkt. 20, at 2 (internal quotations omitted). While we all know that mail *can* get lost, Pohl does not actually say that the Appeals Council decision *did* get lost or take weeks to reach her,[3] and even if she did, it would contradict the rest of her story.

Pohl also argues that she should be given wiggle room on the back end of the deadline because of the Independence Day holiday that delayed the delivery of the complaint by one day (July 3, 2015 was a federal holiday because July 4 fell on a Saturday). But this misunderstands the Federal Rules of Civil Procedure. Documents are "filed" in this court when they are received, not when they are mailed. Fed. R. Civ. P. 5(d)(2)(A); *Raymond v.*

---

response more than a month later, Dkt. 20. I will consider her supplement even though it is late. Also, Pohl does not submit her version of events in proper evidentiary form by declaring under penalty of perjury that those events are true, but I will overlook this flaw.

[3] This is unlike Pohl's motion to reopen the case after it was dismissed for her failure to respond to the government's motion to dismiss. In her motion to reopen, she stated that she did not receive the motion to dismiss. *See* Dkt. 17.

*Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006). The court received Pohl's complaint on July 8, so that is when it is considered filed. There does not seem to be any dispute that she took more than 60 days from receipt of the Appeals Council decision to file her complaint.

The 60-day filing requirement is a statute of limitations that must be strictly construed in the government's favor. *See Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). But Pohl raises other arguments that I take to be requests to invoke the doctrine of equitable tolling to allow late filing of her complaint. *Id*. at 480 (equitable tolling can apply to review of Social Security decisions). Under this doctrine, a court may toll a statute of limitations if the plaintiff can show that extraordinary circumstances existed that prevented her from filing her complaint on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bowen*, 476 U.S. at 480-81.

However, courts should apply equitable tolling sparingly, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-114 (2002), and Pohl fails to show that it should apply here. She argues that her health problems affect her memory and cause her to forget dates, and attaches a doctor's note stating that she "has a history of traumatic brain injury and PTSD" and that "[t]hese conditions can cause problems with memory." Dkt. 20-2. But she stops short of saying that her memory problems actually caused the delay here by causing her to forget that she had to file her complaint.

Instead, she blames the delay on the mailing problems discussed above, as well as the fact that she mailed the Appeals Council decision to a law firm after receiving it. She states that because she mailed the letter, she was left "without the Appeals Council's specific instructions as to the amount of time needed to have known to file an extension of time with

4

my claim and waiver of court fees." Dkt. 18, at 1. This was a mistake on her part that does not warrant equitable tolling. She also states that she talked to someone from the clerk's office, and "was not told about extension of time filing for I would've done that . . . ." *Id*. at 2. But the clerk of court cannot give legal advice to parties by explaining statutes of limitations or extension procedures. It was Pohl's job to submit her complaint to the court within 60 days of receiving the Appeals Council decision, and she does not persuade me that this obligation should be tolled. Accordingly, I will grant the government's motion and dismiss this case.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment, Dkt. 11, is GRANTED.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered January 12, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge